State v. Thompson

STATE OF NORTH CAROLINA v. JASPER LEE THOMPSON, JR.

No. 7410SC735

(Filed 16 October 1974)

Burglary and Unlawful Breakings § 5; Larceny § 7— driver of car — guilt of breaking or entering and larceny

    The State's evidence was sufficient to be submitted to the jury on issues of defendant's guilt of felonious breaking or entering and larceny where it tended to show that defendant drove four other persons to a house, waited in the car while the others broke into the house and stole property therefrom, and drove the others with the stolen property from the crime scene.

APPEAL by defendant from *McKinnon, Judge,* 29 April 1974 Session of Superior Court held in WAKE County. Heard in the Court of Appeals on 24 September 1974.

The defendant, Jasper Lee Thompson, Jr., was charged in a three-count bill of indictment, proper in form, with felonious breaking or entering, larceny, and receiving.

Upon the defendant's plea of not guilty, the State offered evidence tending to show the following:

Marion Lee Berkley, who lives at 4605 Dumfries Drive in Raleigh, left home at approximately 12:15 p.m. on 28 November

1973. When he returned home that evening, he discovered that someone had entered the house and had taken property having a value of at least $1,200.00. The missing property included watches, two portable radios, coins, jewelry, and personal papers.

James Watkins, who was fifteen years old, testified that he had run away from home and that he and a friend, Dennis Perry, spent the night of 27 November 1973 at the defendant's home. The next day, 28 November 1973, the defendant, Watkins, Perry, and two other boys, with defendant driving, went riding around Raleigh to "find some money." One of the boys suggested that they break into Mr. Berkley's house. The defendant drove them to Berkley's house and parked the car in the carport. All of the boys but the defendant got out of the car, went around to the back of the house, and entered the house through a sliding door. They returned to the car with some articles of personal property they had taken from the house and drove to the defendant's house, where they "took all the stuff" inside. Later that night, they put the property back into the car and drove to Fayetteville. When they arrived in Fayettevile, Watkins, Perry, and another of the boys got out of the car, taking the property with them. The defendant and the remaining boy in the group returned to Raleigh.

R. B. Tant, a detective with the Raleigh Police Department, stated that during his investigation of the break-in at the Berkley home, he talked with James Watkins. Detective Tant's testimony, relating the story that Watkins had told him, tended to corroborate Watkins' testimony at trial.

The defendant testified in his own behalf. He admitted that he was riding with the other boys on 28 November 1973 and that he drove them to Mr. Berkley's house but denied that he had any part in the break-in. He stated that he did not know Watkins personally. He thought that he was taking Dennis Perry to Perry's house so that Perry could get some clothes. He did not know Mr. Berkley. He denied that there had been any statement made about breaking into Mr. Berkley's house. He said that the boys had joked about "break[ing] into a place" but that he had said they could not do that.

The jury found the defendant guilty of felonious breaking or entering and larceny. On the count of felonious breaking or entering, the trial court sentenced the defendant to a prison term

State v. Wilson

of one (1) year. On the count of felonious larceny, the trial court sentenced the defendant to a prison term of three (3) years, sentence suspended, and placed the defendant on probation for five (5) years. Defendant appealed.

*James H. Carson, Jr., Attorney General, by Assistant Attorney General Keith L. Jarvis for the State.*

*Carl E. Gaddy, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant contends the court erred in denying his timely motions for judgment as of nonsuit. Suffice it to say, there is plenary competent evidence in the record to require submission of this case to the jury and to support the verdicts.

All of the other exceptions brought forward and argued in defendant's brief relate to the court's instructions to the jury. We have carefully examined the entire charge in the light of all the defendant's exceptions and conclude that the charge given by the able judge was fair, adequate, and correct. Any elaboration on these contentions would serve no useful purpose. The defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and BALEY concur.